Case 4:17-cv-00854   Document 5   Filed on 04/07/17 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALENTINE FACUNDO, § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. H-17-854 |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Valentine Facundo, a federal inmate, has filed a "Motion for Habeas Corpus Pursuant to Title 28 U.S.C.A. § 2241," to challenge a state conviction and sentence. (Docket Entry No. 1). Because Petitioner challenges a state court judgment of conviction, his motion is construed as a petition for a writ of habeas corpus governed by 28 U.S.C. § 2254. After a review of court records, the Court concludes that the petition must be dismissed as successive.

**I.      SUCCESSIVE PETITION**

Court records indicate that Petitioner has filed at least two prior petitions for federal habeas corpus relief of his January 10, 1996 conviction for child sexual assault in cause number 698837 in Harris County and the subsequent final state denial of DNA testing. *See Facundo v. Stephens*, Civil No. H-12-1417 (S.D. Tex. July 8, 2013) (dismissing petition on the merits); *Facundo v. Davis*, Civil No. H-16-2294, 2016 WL 4150933 (S.D. Tex. Aug. 3, 2016) (dismissing petition as successive, and, alternatively, on the merits as time-barred). In the present petition, Petitioner raises claims that were brought, or could have been brought, in his earlier petitions. *Cf.* Docket Entry No. 1 *with Facundo*, Civil No. H-12-1417 *and Facundo*, Civil No. H-16-2294. Therefore, this Court is required to dismiss those claims. *See* 28 U.S.C. §2244(b)(1); *see also In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (holding that a subsequent

petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or "otherwise constitutes an abuse of the writ").

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This Court lacks jurisdiction to consider Petitioner's petition because it is a successive petition requiring Fifth Circuit authorization before a district court may consider it. 28 U.S.C. § 2244(b)(3). Petitioner has not presented the required authorization, and the record does not disclose any. Therefore, this Court lacks jurisdiction to consider petitioner's habeas claims. *Id.* Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* {fs26 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This action is **DISMISSED** without prejudice as a successive petition.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 7th day of April, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE